**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4776-17T4

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

SHERRY A. LOALBO,

     Defendant-Appellant.

_____

          Argued March 12, 2019 – Decided April 22, 2019

          Before Judges Yannotti and Gilson.

          On appeal from Superior Court of New Jersey, Law Division, Morris County, Municipal Appeal No. 17-038.

          John M. Loalbo argued the cause for appellant.

          Paula Cristina Jordao, Assistant Prosecutor, argued the cause for respondent (Fredric M. Knapp, Morris County Prosecutor, attorney; Paula Cristina Jordao, on the brief).

PER CURIAM

Defendant appeals from a judgment entered by the Law Division finding defendant guilty of failing to yield to a pedestrian, in violation of N.J.S.A. 39:4-36(a), and sentencing her to pay a fine of $200 and $33 in court costs. We affirm.

This matter arises from an incident which occurred on May 15, 2017, in Mendham. On that date, Officer Christopher Irons of the Mendham Police Department (MPD) was on duty in a marked police vehicle, and assigned to crosswalk enforcement. Irons was parked on the westbound side of the road, in a driveway on East Main Street, which is also referred to as Route 24.

Irons was facing the crosswalk. He observed a pedestrian enter a marked crosswalk. Three vehicles passed through the crosswalk before the pedestrian could cross. Defendant was the operator of the third vehicle. Irons stopped the vehicle and issued a summons to defendant, charging her with failing to yield to a pedestrian, in violation of N.J.S.A. 39:4-36(a).

The matter was tried in the Washington Township Municipal Court. At the trial, Irons testified that he has been employed by the MPD for eight years and, at the time of the trial, he was a detective. Irons stated that he has had training in New Jersey's motor vehicle laws, including violations of Title 39. As part of his training, he has been involved in the enforcement of the laws

2

governing pedestrians crossing within crosswalks. He stated that when a pedestrian reaches the double yellow line in the roadway, the driver must stop and yield to the pedestrian.

Irons testified that at around 7:40 a.m. on May 15, 2017, he was on duty and assigned to crosswalk enforcement. He noted that the speed limit on the road in that location is thirty-five miles per hour. He also noted that there were vertical signs in the roadway. There also were pedestrian crossing signs on both sides of the crosswalk, about 100 to 150 feet from the crosswalk.

The State played a video recording of the incident, and Irons provided a narration while it was being played. The parties stipulated that defendant was driving a 2014 black sedan. The officer stated that based on his training and experience, it was possible for defendant to stop her vehicle, in the exercise of due care, and allow the pedestrian to cross safely.

Irons noted that after the pedestrian entered the crosswalk, two vehicles preceded defendant's vehicle through the crosswalk. He stated, however, that the first vehicle did not have a reasonable amount of time to stop for the pedestrian, and the second vehicle would be "questionable." He testified that defendant "had [a] reasonable [amount of] time to react and stop." He did not observe defendant attempt to slow or stop her car. He also stated that while he

did not know how fast defendant was driving at the time, or how many feet it would take for her to stop her vehicle, he believed she had a reasonable amount of time to stop.

On cross-examination, Irons was asked how many feet it would take for a vehicle traveling thirty-five miles per hour to stop. He stated that he did not know how fast defendant was traveling. Defendant's attorney showed Irons the Driver's Manual (the Manual) issued by the New Jersey Motor Vehicle Commission (MVC), which includes estimated stopping distances for passenger vehicles.

Irons agreed that according to the Manual, it would take about 135 feet for a passenger vehicle to stop under certain conditions. Defendant's attorney asked the officer to estimate the distance between defendant's car and the crosswalk, when he first observed defendant's car. He estimated that the distance was about 100 to 125 feet.

The municipal court judge denied defendant's motion for a judgment of acquittal. The judge then placed his decision on the record, finding defendant guilty of violating N.J.S.A. 39:4-36(a). The judge noted that Irons had based his opinion on his experience as a police officer, his observations of the traffic,

and opined that defendant's vehicle could have stopped before approaching the crosswalk.

The judge stated that the videotape was compelling and it showed that defendant "made absolutely no attempt to slow or stop" which indicated that "it mattered not" how far the vehicle was from the crosswalk. The judge concluded that the State had presented sufficient evidence to establish beyond a reasonable doubt that defendant violated N.J.S.A. 39:4-36(a).

Defendant filed an appeal, seeking de novo review by the Law Division. Judge Catherine I. Enright heard oral argument and on May 9, 2018, filed a written opinion in which she thoroughly reviewed the evidence. Judge Enright noted that the municipal court judge had not questioned Irons's credibility. She also found Irons's testimony to be credible. She stated that she had reviewed the video recording several times, and it showed that the sequence of events "unfolded rather quickly."

The judge pointed out that "the crosswalk was clearly marked[,] and there were vertical signs alerting drivers that they had to stop for pedestrians[.]" The judge observed that "[t]here [was] nothing in the record confirming how fast defendant was driving [when] she entered the crosswalk." Nevertheless, the

video recording showed that two cars passed after the pedestrian stepped fully into the crosswalk.

The judge stated that defendant's car followed and the recording showed her car was not immediately behind the second car. The judge concluded that

> based on this video and Of[ficer] Iron[s]'s testimony (which corroborated what is reflected in the video), . . . the State met its burden in establishing, beyond a reasonable doubt, that defendant had ample opportunity to slow her vehicle and yield to the pedestrian who was already in the walkway and in defendant's lane of traffic. The court further finds the pedestrian who was crossing did not walk or run into the path of defendant's vehicle making it impossible for defendant to yield or stop. As defendant failed to yield to this pedestrian, even though she could have done so, she violated N.J.S.A. 39:4-36a.

The judge ordered defendant to pay a fine of $200 and $33 in court costs. The judge memorialized her decision in a judgment dated May 18, 2018. This appeal followed.

On appeal, defendant argues:

> I. THE STATE FAILED TO PROVE EACH ELEMENT OF THE OFFENSE BY SUFFICIENT, CREDIBLE EVIDENCE BEYOND A REASONABLE DOUBT AND, THEREFORE, THE TRIAL COURT ERRED IN CONVICTING DEFENDANT.
>
> II. OFFICER IRONS'[S] TESTIMONY WAS IMPROPERLY ACCEPTED BY THE TRIAL COURT AND, IN ANY EVENT, FAILED TO ESTABLISH

A-4776-17T4

DEFENDANT'S GUILT BEYOND A REASONABLE DOUBT.

A. Lay Opinion v. Expert Opinion.

B. Lay Opinion.

1. Standard.

2. Officer Irons'[s] Testimony Was Conclusory on Guilt, Not Rationally Based on Directly Observed Inferences and, Therefore, Is Inadmissible as Lay Opinion Testimony.

C. Expert Opinion.

1. Standard.

2. Officer Irons Lacks the Credentials to Qualify as an Expert In This Matter, and There Is Insufficient Evidence on the Record to Substantiate an Expert Opinion.

3. The Lower Courts Erred in Admitting Officer Irons'[s] Net Opinion as Conclusive of Defendant's Guilt.

III. THE COURT IMPUTED LEGAL REQUIREMENTS THAT ARE NOT PART OF THE STATUTE AND, THEREFORE, ERRED IN CONVICTING DEFENDANT FOR A VIOLATION UNDER [N.J.S.A.] 39:4-36.

We have thoroughly reviewed the record in light of these contentions, and conclude that defendant's arguments lack sufficient merit to warrant extended discussion. See R. 2:11-3(e)(2). We affirm defendant's conviction substantially

7

for the reasons stated by Judge Enright in her thorough and well-reasoned opinion. We add the following comments.

N.J.S.A. 39:4-36 provides that

> a. The driver of a vehicle shall yield the right-of-way to a pedestrian crossing the roadway within any unmarked crosswalk at an intersection, except at crosswalks when the movement of traffic is being regulated by police officers or traffic control signals, or where otherwise regulated by municipal, county, or State regulation, and except where a pedestrian tunnel or overhead pedestrian crossing has been provided:
>
> (1) The driver of a vehicle shall stop and remain stopped to allow a pedestrian to cross the roadway within a marked crosswalk, when the pedestrian is upon, or within one lane of, the half of the roadway, upon which the vehicle is traveling or onto which it is turning. . . .
>
> (2) No pedestrian shall leave a curb or other place of safety and walk or run into the path of a vehicle which is so close that is impossible for the driver to yield or stop.

Here, the State presented sufficient evidence for the Law Division judge to find, beyond a reasonable doubt, that defendant violated N.J.S.A. 39:4-36(a). As we have explained, that evidence consisted of Irons's testimony about the incident and the video recording he made. Irons testified that there were vertical signs in the roadway and pedestrian crossing signs, which warned drivers they were approaching a pedestrian crosswalk. The officer testified, based on his

training and experience, that defendant had a reasonable time in which to stop her car and let the pedestrian safely cross the roadway.

Defendant argues, however, that the State had to prove beyond a reasonable doubt that she had sufficient time to stop before she reached the crosswalk. She contends the State's evidence on this issue was deficient because the State did not present evidence establishing her distance from the crosswalk when the pedestrian entered the crosswalk.

In support of her argument, defendant relies upon the MVC's Manual, which states that a passenger vehicle traveling thirty-five miles per hour would require about 135 feet to stop. However, as the State points out, the Manual merely approximates the stopping distance, which depends on a variety of factors including speed, motorist reaction time, weather conditions, visibility, vehicle weight, brake conditions, conditions of the tires and their type, and conditions of the roadway.

Defendant further argues that the trial court erred by accepting Irons's testimony, which defendant contends was improper lay opinion testimony. We disagree. Rule 701 permits a witness, who is not testifying as an expert, to provide "testimony in the form of opinions or inferences . . . if it (a) is rationally based on the perception of the witness, and (b) will assist in understanding the

9

witness' testimony or in determining a fact in issue." N.J.R.E. 701. Lay opinion testimony is permitted to show "what was directly perceived by the witness." State v. McLean, 205 N.J. 438, 460 (2011).

Irons's testimony that defendant had sufficient time in which to stop before the crosswalk was proper lay opinion testimony under Rule 701. The officer based his opinion on his personal observations and perceptions. He was present and observed the pedestrian enter the crosswalk. He also observed defendant's vehicle and the speed at which it was traveling. His observations and perceptions provided a sufficient basis for his opinion that it was possible for defendant to bring her vehicle to a stop so that the pedestrian could safely cross the roadway.

Defendant also contends the trial court erred by imputing legal requirements that are not set forth in N.J.S.A. 39:4-36. Defendant asserts the municipal court judge stated that a driver must "attempt to slow or stop" at the crosswalk. She also notes that Irons had testified that he did not see defendant attempt "to slow or stop" her car.

We find no merit in this argument. We review the judgment of the Law Division, not the municipal court. See State v. Adubato, 420 N.J. Super. 167, 175-76 (App. Div. 2011) (quoting State v. Oliveri, 336 N.J. Super. 244, 251

(App. Div. 2001)). Here, Judge Enright commented "that defendant had ample opportunity to slow her vehicle and yield to the pedestrian who was already in the walkway and in defendant's lane of traffic." The judge's comment did not, however, impose requirements in addition to those in N.J.S.A. 39:4-36(a). The judge merely referenced evidence, which supported the conclusion that defendant had sufficient time in which to stop her vehicle.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION